IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEADFAST INSURANCE COMPANY | § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | NO. 3-08-CV-1383-P |
| GOLDEN RESTAURANTS, INC. | | |
| Defendant. | | |

### MEMORANDUM ORDER

Plaintiff Steadfast Insurance Company has filed a motion to compel discovery in this civil action seeking recovery of more than $260,000 in deductible payments allegedly owed by Defendant Golden Restaurants, Inc. under various commercial general liability policies. At issue are certain contention interrogatories and two sets of document requests served on defendant.[1] The parties have briefed their respective positions in a joint status report filed on June 15, 2009, and the motion is ripe for determination.

In six interrogatories, plaintiff asks defendant to identify "all facts" which support the following allegations made in its original answer:

- that plaintiff is estopped from asserting the claims in its complaint (*see* Jt. Stat. Rep. App. App., Exh. 3, Interrog. #2);

- that plaintiff's claims are barred, in whole or in part, because not all just and lawful offsets, payments, and credits have been allowed (*see id.*, Exh. 3, Interrog. #3);

---

[1] After the motion was filed, the attorneys conferred on the outstanding discovery issues and resolved certain matters by agreement. The remaining items in dispute are Interrogatory Nos. 2, 3, 4, 7, 8, 9 & 11, First Request for Production Nos. 2, 3, 4, 7, 8 & 9, and Second Request for Production Nos. 25 & 26.

- that plaintiff has failed to mitigate its damages (*see id.*, Exh. 3, Interrog. #4);

- that defendant's conduct is privileged and justified (*see id.*, Exh. 3, Interrog. #7);

- that all conditions precedent have not been performed or have occurred (*see id.*, Exh. 3, Interrog. #8); and

- that defendant is entitled to an offset and credit in the amount of damages caused by plaintiff's wrongful conduct (*see id.*, Exh. 3, Interrog. #9).

Another interrogatory asks for "all facts" which support defendant's refusal to pay the deductible claims made the basis of this suit. (*See id.*, Exh. 3, Interrog. #11). Defendant has provided substantive answers to only two of the interrogatories. In response to Interrogatory No. 2, which asks for the factual basis of its estoppel defense, defendant answered:

> Neither Plaintiff nor its [Zurich] affiliates . . ., who communicated with Defendant, purported to advise Defendant with respect to the alleged incurrence of purported deductible amounts for which Plaintiff now seeks to recover from Defendant, including the apparent settlement of the claims related to the insurance policies made the subject of this action. Likewise, neither Plaintiff nor its affiliates sought the approval of Defendant with respect to the alleged incurrence of the purported deductibles and/or the settlement of the claims in question.
>
> Defendant has received some documentation from Zurich concerning the claims in question. For the most part, this documentation purports to set forth in summary fashion only the total amount of the payments allegedly made, or deductibles allegedly incurred, in connection with these claims. Defendant has requested in writing from Zurich and Plaintiff's counsel [ ], among other things, backup documentation and proof of payments with respect to the claims Zurich allegedly handled. Zurich, however, has not responded to Defendant's requests for information or provided substantiation for those deductible amounts purportedly owed by Defendant.

(*Id.*, Exh. 3, Interrog. #2). In response to Interrogatory No. 3, which asks defendant to identify facts which support its claim that all just and lawful offsets, payments, and credits have not been allowed,

defendant responded:

> Defendant and certain of its affiliates who are named insureds herein, including Sunny Corral Management, LLC, purchased equipment maintenance insurance coverage from Zurich. That entity paid not less than $135,000, which represents those premiums paid to or for the benefit of Zurich in connection with the issuance of Zurich's equipment maintenance insurance coverage, and incurred vendor claims of not less than $323,882.42 as a proximate result of Zurich's failure to pay those claims pursuant to the insurance coverage in question.

(*Id.*, Exh. 3, Interrog. #3). In response to the other contention interrogatories, defendant merely incorporated its answers to Interrogatory Nos. 2 and 3. (*See id.*, Exh. 3, Interrog. #4, 7, 8, 9 & 11).

Plaintiff maintains that these interrogatory answers are insufficient because defendant has failed to apply the law to the facts of the case. (*See id.* at 4, ¶ 10). Defendant counters that the interrogatory answers identify at least four theories why plaintiff is not entitled to recovery: (1) plaintiff did not notify defendant of the deductibles allegedly incurred; (2) plaintiff did not seek defendant's approval or consent with respect to the deductibles allegedly incurred and/or the settlement of claims for which plaintiff now seeks recovery; (3) plaintiff failed to substantiate any of the deductible amounts allegedly owed by defendant; and (4) Zurich breached its obligation to provide equipment maintenance insurance to Sunny Corral Management, LLC. (*See id.* at 10, ¶ 19). If those are the *theories* upon which defendant relies to support its defenses and the other allegations contained in its answer, defendant should state the *facts* supporting each theory in response to the appropriate contention interrogatory. Although plaintiff is not entitled to dictate the contents of defendant's interrogatory answers, it is entitled to complete, responsive answers to each question asked. Defendant shall supplement its answers to Interrogatory Nos. 2, 3, 4, 7, 8, 9 and 11 by generally explaining the factual basis for the contention stated in each interrogatory. Defendant may not incorporate one interrogatory answer when answering another interrogatory. Rather, a complete

narrative answer must be provided in response to each interrogatory. *See Alexander v. Hartford Life and Accident Ins. Co.*, No. 3-07-CV-1486-M, 2008 WL 906786 at *4 (N.D. Tex. Apr. 3, 2008) (Kaplan, J.) (citing cases) (court has discretion to require narrative answers to contention interrogatories).

The court further determines that defendant should be required to produce a copy of its most current franchise tax report filed with the Texas Comptroller of Public Accounts, as requested in Second Request for Production No. 25, and a copy of its most current information report filed with the Texas Comptroller and/or the Texas Secretary of State, as requested in Second Request for Production No. 26. Under the insurance policies made the basis of this suit, plaintiff has the right to examine and audit defendant's books and records. (*See id.*, Exh. 2 at 5). Plaintiff suggests, and defendant does not dispute, that the documents specified in these discovery requests fall within the scope of that policy provision. Nor has defendant shown that any of the information contained in these documents are confidential and proprietary, or that it would be unduly burdensome or expensive to produce the documents.

Finally, the parties disagree as to whether defendant has produced documents responsive to First Request for Production Nos. 2, 3, 4, 7, 8 & 9. Defendant insists that responsive documents have been produced, (*see id.* at 13, ¶ 26), but plaintiff maintains that none of the more than 2,000 documents provided by defendant are responsive to the requests. The only way to resolve this issue is for defendant to identify documents responsive to each request by Bates-label number. *See Satchell v. FedEx Express*, No. C-03-02659-SI, 2006 WL 2884318 at *9 (N.D. Cal. Oct. 10, 2006) (requiring defendant to provide sworn declaration identifying Bates numbers that correspond to documents allegedly produced). If there are no documents responsive to a particular request, defendant shall so state in its response.

## **CONCLUSION**

For these reasons, plaintiff's motion to compel [Doc. #20] is granted. Defendant shall comply with this order by **June 26, 2009.**

SO ORDERED.

DATED: June 16, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE